UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON PALMER, | No. 2:19-cv-1999 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| TAMMY FOSS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 18, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. F. & R., ECF No. 19. Petitioner filed objections to the findings and recommendations. Obj., ECF No. 25.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. For the reasons below, the court adopts the findings and recommendations.

Here, as set forth in the magistrate judge's findings and recommendations, petitioner claims (1) he was denied his constitutional right against self-incrimination when the prosecutor

1

1  referenced petitioner's failure to present evidence of his innocence during the closing argument
2  and (2) was denied the right to a fair trial when the state trial court excluded evidence of third-
3  party culpability.  F. & R. at 1.  The magistrate judge recommends denying both claims.  *Id.*
4  Petitioner argues neither claim should be denied.  *See generally* Obj.  Having considered the
5  petitioner's objections, the court finds the denial of petitioner's self-incrimination claim was
6  proper, as "the state appellate court's denial of petitioner's *Griffin* claim did not involve a
7  decision that was contrary to, or an unreasonable application of, Supreme Court precedent."
8  F. & R. at 30 (citing 28 U.S.C. § 2254(d)).

9  The third-party culpability claim is also denied.  Although the court acknowledges the
10 magistrate judge misread the facts of the Ninth Circuit decision in *Lunbery v. Hornbeak*,
11 *see* F. & R. at 13–14 (citing 605 F.3d 754, 760–61 (9th.Cir. 2010)), the court still finds the state
12 court's decision was not contrary to, or an unreasonable application of, clearly established
13 Supreme Court authority, 28 U.S.C. § 2254(d).  As the magistrate judge correctly concluded:

> Petitioner's proffer would have only shown that neither Luc nor Truong were present at the victim's store on the date of the murder despite their typical presence, that Luc stated a belief that his brother had been beaten to death rather than strangulation, and that Truong owed a debt to Hoa where there existed documentary evidence tending to show the debt had been paid but in the absence of corroboration by a third individual, and that Truong did not remember whether he had spoken with [Hoa] on the telephone on the date of the murder.  At most, the evidence provided opportunity as to Luc and Truong, and motive as to Truong.  But it did not sufficiently link either to Hoa's murder.

20 F. & R. at 21 (citing *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006)).
21 In his objections, for the first time, petitioner argues the cumulative effect of the two
22 alleged errors necessitates his obtaining habeas relief, *see* Obj. at 10–11, but this claim was not
23 considered by the state court and has not been exhausted, s*ee generally* Pet. Ex. A, ECF No. 1;
24 *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies
25 available in the courts of the State, within the meaning of this section, if he has the right under the
26 law of the State to raise, by available procedure, the question presented.").  In any event, as noted,
27 this court finds each error alleged by petitioner does not meet the stringent requirements for
28 habeas relief, and even when considering the alleged errors together, they did not have a

"substantial and injurious effect or influence on the jury's verdict." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007).

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). For the reasons set forth in the magistrate judge's findings and recommendations, the court finds issuance of a certificate of appealability is not warranted in this case.

Accordingly, the court adopts the magistrate judge's findings and recommendations with the clarification provided above.

IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 18, 2021, ECF No. 19, are adopted;

2. Petitioner's application for a writ of habeas corpus is denied;

3. The clerk of court is directed to close this case; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: January 12, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE